ALLGEYER *v.* CHICAGO & NORTH WESTERN RAILWAY CO.

CONTRACTS—BREACH—EQUITY—SUFFICIENCY OF PROOF.
   In suit for money decree for damages for breach of alleged promises by defendant's agents in connection with written contract which had been fully performed by both parties, decree dismissing bill on ground that plaintiffs had failed to make case is affirmed, on appeal.

Appeal from Menominee; Driscoll (George O.), J., presiding. Submitted June 10, 1931. (Docket No. 2, Calendar No. 35,587.) Decided December 8, 1931.

Bill by Paul Allgeyer and another, copartners, against Chicago & North Western Railway Company, a corporation, for money decree. Bill dismissed. Plaintiffs appeal. Affirmed.

*Meredith P. Sawyer* and *George Barstow,* for plaintiffs.

*Ryall & Frost,* for defendant.

CLARK, J. After negotiations continuing throughout the summer, the parties entered into a written contract on September 1, 1926, pursuant to which plaintiffs moved a sawmill from Wallace to Ladoga and cut for defendant a large number of logs and ties. The contract was fully performed on both sides.

Defendant owned much standing timber in that vicinity. It was the hope and perhaps the expectation of the parties that succeeding annual contracts for sawing might be made from year to year for several years, although it was recognized and understood on both sides that the venture was experimental. Negotiations were attempted and continued toward a succeeding contract but none was made.

The bill of complaint seeks a money decree for damages for breach of alleged promises of agents for defendant. There are also some allegations tending to charge fraud in the inducement to the contract. Although the bill prays no reformation of the contract, the matter is urged by appellants. The theory of joint adventure is also advanced. The bill was dismissed. Plaintiffs have appealed.

No question of law need be discussed.

Assuming plaintiffs' various contentions to be before the court, the record supports none of them in fact. We agree with the trial court that plaintiffs did not make a case. It will profit no one to state more of the evidence.

The decree must be and it is affirmed, with costs.

BUTZEL, C. J., and WIEST, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.